# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | ) | |
| BRAZOS LICENSING AND | ) | |
| DEVELEOPMENT, | ) | **Case No. 6:20-cv-491-ADA** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| ZTE CORPORATION, ZTE (USA), INC., | ) | |
| AND ZTE (TX), INC., | ) | |
| | ) | |
| **Defendants** | ) | |

---

## DEFENDANT ZTE CORPORATION'S MOTION TO DISMISS OR TO TRANSFER

---

Defendant ZTE Corporation ("ZTE Corp.") respectfully requests the Court dismiss Plaintiff WSOU Investments, LLC's ("WSOU's") Complaint against it under FED. R. CIV. P. 12(b)(3) for improper venue under 28 U.S.C. § 1391 because it does not reside in the United States and under FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction.   In the alternative, for purposes of economy since ZTE Corp. is the wrong entity, if ZTE (USA) Inc. ("ZTE USA") is transferred under 28 U.S.C. § 1404(a) or § 1406(a) to its appropriate venue, which is the Northern District of Texas ("Northern District"), then ZTE Corp. should be transferred with it.

## BACKGROUND

ZTE USA imports, markets, sells, and offers for sale handsets and network equipment (such as the devices accused in this case) in the United States.  ZTE Corp. does not.  Ex. 1, Kuang Decl. at ¶ 6.  Rather, ZTE Corp. is a Chinese company with its principle place of business in Shenzhen, China, that does not do business in the United States.  Ex. 1, Kuang Decl. at ¶¶ 4, 5.  Instead, ZTE Corp. established ZTE USA as its subsidiary in 1998 for the express purpose of marketing, distributing, selling, installing, servicing and supporting telecommunications equipment in the United States.  Ex. 1, Kuang Decl. at ¶¶ 12.

Nonetheless, since *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1516, 197 L. Ed. 2d 816 (2017) was decided, and a series of subsequent cases established that venue in Texas against ZTE USA lies in the Northern District,[1] plaintiffs such as WSOU bringing cases in other districts of Texas alleging patent infringement based on ZTE devices imported,

---

[1] *See, e.g.*, Am. *GNC Corp. v. ZTE Corp.*, No. 4:17CV620, 2017 WL 5157700, at *1 (E.D. Tex. Nov. 7, 2017), *mandamus granted, order vacated sub nom. In re ZTE (USA) Inc.,* 890 F.3d 1008 (Fed. Cir. 2018); *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4854023, at *4–5 (E.D. Tex. Sept. 28, 2018); *Fractus, S.A. v. ZTE Corporation et al.,* Order Granting Motion to Transfer to the N.D.Tex., No. 2:17-cv-00561-JRG, Dkt. No 104, E.D. Tex.

marketed, sold, and offered for sale in the US by ZTE USA often name other entities (including ZTE Corp.) as defendants.

Here WSOU filed 11 separate Complaints, each alleging a single count of patent infringement (one patent per Complaint), and each naming three distinct defendants (ZTE Corporation, ZTE (USA), Inc., and ZTE (TX), Inc.), on June 3, 2020.[2]  See Complaint.  WSOU asserts venue over ZTE Corp. under 28 U.S.C. §1400(b) as well as §1391.  Complaint at ¶ 10. WSOU's sole factual claim as to ZTE Corp. is an assertion "ZTE Corporation also [sic] describes a "research-and-development center in Austin, Texas." *Id.*  But ZTE Corp. has never had a place of business at that location, or indeed within the Western District.  Ex. 1, Kuang Decl. at ¶ 9.

## ARGUMENT AND AUTHORITIES

### 1. Applicable Law

"Venue requirements exist for the benefit of defendants," *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 38 USPQ2d 1860 (Fed. Cir. 1996), and they are mandatory.  *See* 28 U.S. Code § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or… transfer such case to any district or division in which it could have been brought.") (emphasis added).  "[T]he Supreme Court has cautioned against a broad reading of the venue statute."  *In re Google*, 949 F.3d 1338 (Fed. Cir. 2020).

Where a foreign corporation is named as a defendant in a patent case, it is subject to the general venue statute 28 U.S.C.A. § 1391.  *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F.Supp.3d 1191, 1197-98 (W.D. Tex. 2019).

---

[2] *See* 6:20-cv-00487, 6:20-cv-00488, 6:20-cv-00489, 6:20-cv-00490, 6:20-cv-00491, 6:20-cv-00492, 6:20-cv-00493, 6:20-cv-00494, 6:20-cv-00495, 6:20-cv-00496, and 6:20-cv-00497.  ZTE TX is filing effectively identical venue motions in each of these cases.  On the same day it filed the new cases, without explanation, Plaintiff dismissed 11 previously-filed cases (6:20-cv-00255, 6:20-cv-00254, 6:20-cv-00242, 6:20-cv-00240, 6:20-cv-00238, 6:20-cv-00231, 6:20-cv-00229, 6:20-cv-00228, 6:20-cv-00224, 6:20-cv-00216, and 6:20-cv-211), now closed.

Federal Circuit law determines where patent venue lies.  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018).  "[T]he Plaintiff bears the burden of establishing proper venue." *Id.* at 1013.  In an action involving multiple defendants, venue and jurisdiction requirements must be met as to each defendant. *Magnacoustics, Inc. v. Resonance Technology Co.*, No. 97–1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997).

In assessing venue under § 1400(b), the Court must look at the facts that existed at the time the suit was filed. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017).  Where venue is improper, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."

**2.  28 U.S.C. §1400(b) Is Inapplicable to ZTE Corp.**
Venue must be established against ZTE Corp. separately.  *Magnacoustics, Inc.*, No. 97–1247, 1997 WL 592863, at *1.  Because 28 U.S.C. §1391 is the sole basis for venue in patent infringement actions against defendants that do not reside within the United States, *Slyce Acquisition, Inc.*, 422 F.Supp.3d at 1197-98, and ZTE Corp. is a Chinese corporation, Ex. 1, Kuang Decl. at ¶ 4, 28 U.S.C. §1400(b) is inapplicable and does not provide a basis for venue against ZTE Corp. in the Western District or any other district.

**3.  ZTE Corporation Does Not have Minimum Contacts with Texas to Allow the Court to Invoke Personal Jurisdiction.**
Plaintiff's Complaint fails to provide any substantive allegations tending to make a *prima facie* showing that ZTE Corp. has sufficient minimum contacts with Texas that would permit this Court to assert personal jurisdiction over ZTE Corporation.  Consequently, under either FED. R. CIV. P. 12(b)(6) or 12(b)(2), Plaintiff's Complaint, as to Defendant ZTE Corporation, must be dismissed.  In the alternative, this case should be transferred to the Northern District of Texas with the cases against ZTE (USA) Inc. for efficiency and fairness.  FED. R. CIV. P. 12(b)(2) provides that a matter

may be dismissed where the court entertaining the action finds it does not have personal jurisdiction over the foreign business entity.  *Id*. at 1196.

Federal Circuit case law is applied in deciding jurisdictional issues in patent litigation. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd*., 566 F.3d 1012, 1016 (Fed. Cir. 2009).  Personal jurisdiction over a nonresident defendant is subject to the reach of the forum state's long arm statute in permitting service of process and whether the assertion of such jurisdiction comports with due process. *New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017). To satisfy the requirements of due process, a plaintiff must establish sufficient "minimum contacts" on the part of a defendant to demonstrate a purposeful availment of the forum state's benefits and protections, and that traditional notions of 'fair play and substantial justice" are not offended by the exercise of personal jurisdiction on the part of the court. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).  *See also Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1309 (Fed. Cir. 2019).

A defendant's minimum contacts are analyzed under either specific or general jurisdiction. *NexLearn, LLC v. Allen Interactions, Inc*., 859 F.3d 1371, 1375 (Fed. Cir. 2017).

1. **There is No General Jurisdiction over ZTE Corp. in the District**
General personal jurisdiction exists where a defendant corporation's contacts with the forum state are so systematic and continuous to be deemed "'so substantial and of such a nature as to render the corporation at home in that [forum].'" *Alcide v. Nippon Yusen Kbushiki Kaisha*, 2020 WL 3001295 at *9 (E.D. La. June 4, 2020) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014)).  Since ZTE Corp. does not do business in the United States and has no presence within in the United States, and has deliberately avoided contacts within the United States by establishing a US subsidiary, Ex. 1, Kuang Decl. at ¶¶ 5, 7, it cannot reasonably be held to be "at home" in the Western District of Texas under a theory of general jurisdiction.  And in fact, the Complaint does not articulate any such contacts.

**2.   There is no Specific Jurisdiction over ZTE Corp. in the District**

"Specific jurisdiction exists 'when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Weatherford Int'l, LLC v. Binstock*, 452 F. Supp. 3d 561, 568 (S.D. Tex. 2020) (quoting *Walk Haydel & Assoc's, Inc. v. Coastal Power Prod. Co*., 517 F.3d 235, 243 (5th Cir. 2008)). "'Specific' jurisdiction depends on an affiliatio[n] between the forum and the underlying controversy, (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Genetic Veterinary Scis.*, 933 F.3d at 1309 fn. 3 (quoting *Walden v. Fiore*, 571 U.S. 277, 283 fn. 6, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014)).

The plaintiff in this case alleges a single claim of patent infringement.  Patent infringement can only occur when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention."  35 U.S.C. § 271(a).  Because patents are granted on a national basis, a person can only act "without authority" under a U.S. Patent with respect to the jurisdiction of the United States.  However, ZTE Corp. "does not make, use, sell, offer for sale, or import into the United States, any products or services" whatsoever.  Ex. 1, Kuang Decl. at ¶ 6.

The Federal Circuit subjects the application of personal jurisdiction to a three-part test: (1) whether there was purposeful direction of the defendant's activities to the forum state; (2) whether the plaintiff's claims are related to or arise from the defendant's activities, *i.e.*, "collectively, the minimum contacts prong;" (3) whether it would be reasonable or fair to assert jurisdiction over the defendant.  *NexLearn, LLC v. Allen Interactions, Inc*., 859 F.3d at 1376.

Plaintiff's Complaint does not contain a single allegation specific to ZTE Corporation.  *See generally* Complaint.  Moreover, as articulated in the attached Declaration, Ex. 1, Kuang Decl. at ¶¶

5

5-11, ZTE Corporation is not engaged in any "stream of commerce"[3] activities in the Western District. Specifically, ZTE Corporation does not sell, distribute or otherwise engage in conduct related to the sale or distribution of products in Texas (or anywhere in the United States, for that matter). Ex. 1, Kuang Decl. at ¶ 6. The only entity among the three named Defendants that "placed goods into the stream of commerce" in the United States, let alone "purposely directed" any goods "toward the forum state," was Defendant ZTE (USA), Inc. *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd*., 422 F.Supp.3d at 1197 (citations omitted).[4] ZTE Corporation, an entity that is a domicile of the People's Republic of China, does not have sufficient minimum contacts for this Court to assert personal jurisdiction over it.

In sum, Plaintiff cannot prove that **ZTE Corp.** purposely availed itself of the benefits and protections of Texas. The Complaint does not identify a single action related to Plaintiff's claims that ZTE Corp. purposely directed to Texas. *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*., 890 F.3d at 1000. Thus, since Plaintiff cannot satisfy either of the first two prongs (of the "minimum contacts" analysis), there is no need to consider whether the assertion of personal jurisdiction over ZTE Corporation is reasonable or fair. *Id*. Because Plaintiff's Complaint fails to establish adequate minimum contacts, the assertion of jurisdiction over it would offend Due Process. *Genetic Veterinary Scis*., 933 F.3d at 1309.

Indeed, ZTE Corp. has deliberately avoided contacts within the Western District and the United States by establishing a US subsidiary. Ex. 1, Kuang Decl. at ¶ 12. Any theory of specific jurisdiction relating to the patent infringement alleged in this case, which is based on accusation of

---

[3] *See Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd*., 422 F.Supp.3d at 1197 (describing the two "stream of commerce" theories articulated by the Supreme Court). Under either version of the "stream of commerce" theory articulated by the U.S. Supreme Court, Plaintiff's Complaint fails to demonstrate that ZTE Corporation participated in the stream of commerce, particularly in the State of Texas.

[4] *See generally* Declaration of James Wood submitted by ZTE USA.

products imported, sold, or offered for sale by ZTE USA, could only be traced back to ZTE Corp.

by bootstrapping ZTE Corp.'s dealings with and commerce through its own United States

subsidiary.  Since the only actions taken by either ZTE Corp. or ZTE USA within the patent

jurisdiction of the United States are the actions of ZTE USA, substantive liability by ZTE Corp.

could only be predicated on the actions of ZTE USA.  But ZTE Corp. and ZTE USA are separate

companies observing all required legal formalities.  Ex. 1, Kuang Decl. at ¶¶ 2-4, 12.

3.  **If this Court Does Not Dismiss this Lawsuit, it Should Be Transferred to the Northern District of Texas with the Case Against ZTE (USA) Inc.**

28 U.S.C. § 1404(a) permits a matter to be transferred "[f]or the convenience of parties and

witnesses, in the interest of justice." *Id.*  Under this statute, the matter may be moved "to any other

district or division where it might have been brought or to any district or division to which all

parties have consented." *Id*.  The first issue is whether the proposed judicial district is one in which

the claim could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  In this

case, ZTE Corp. will be willing to consent to transfer to the Northern District as long as the case

against ZTE USA is also transferred there.

The onus is on the party seeking transfer to demonstrate that the transferee venue is clearly

more convenient than the venue in which the action was filed. *Tricon Precast, Ltd. v. Easi Set*

*Indus., Inc.*, 395 F.Supp.3d 871, 878 (S.D. Tex. 2019).  If the moving party meets this burden, good

cause exists for the transfer to occur. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.

2008).  In determining whether the requisite convenience is present, the court weighs four private

interest factors and four public interest factors. *Id*. [5]

---

[5] "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive . . . The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

None of these factors are exhaustive or exclusive, neither is any factor dispositive, *Tricon Precast, Ltd. v. Easi Set Industries, Inc*. 395 F.Supp.3d at 878. In this case, because ZTE Corp. does not have the required minimum contacts with Texas, the factors have little bearing on venue except the various "practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 315. Practical problems associated with judicial economy are a significant consideration. *Garrett v. Hanson*, 429 F.Supp.3d 311, 319 (E.D. Tex. 2019). "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *Id*.

Since any conduct claimed against ZTE Corp. subject to US patent jurisdiction would be the conduct of ZTE USA, it is clearly most convenient for its case to follow the companion case against ZTE USA, which imports, offers for sale, and sells in the United States the products accused by WSOU of infringing its U.S. Patents and which is represented by the same counsel as ZTE Corp.[6] Keeping the cases together will avoid duplication of effort for the parties and the Court alike. By contrast, since the Plaintiff is the same as to all three Defendants, and the claims are identical as to all three Defendants (indeed, although improper, plaintiff's claims make no distinction among the different defendants), and the very evidence required for any claim against ZTE Corp. is identical to the evidence required for the same claim against ZTE USA, splitting the cases by severing the 11 cases against ZTE Corp. from the 11 cases against ZTE USA would be "inappropriate in this situation, as doing so would require the same case to be litigated twice in two different forums." *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG (ECF. No. 85), 2018 WL 4854023,

---

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. (internal citations and quotations omitted).

[6] ZTE Corp.'s position here complements that of ZTE TX, which is similarly situated to ZTE Corp. in relation to transfer under Section 1404(a).

at *2 (E.D. Tex. Sept. 28, 2018) (citing *In re Rolls Royce Corp*., 775 F.3d 671, 680 (5th Cir. 2014) (A court "should not sever [a case] if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issue to be litigated in two cases.") (quoting *Liaw Su Teng v. Skaarup Shipping Corp*., 743 F.2d 1140, 1148 (5th Cir. 1984));  see also *B/E Aerospace, Inc. v. Zodiac Aerospace et al.*, 2018 U.S. Dist. LEXIS 220294, at *18 (E.D. Tex., 2:16-cv-01417-JRG-RSP at ECF No. 207, Nov. 29, 2018) (Payne, Mag. J.) (recommending transfer of entire case when venue was found to be improper as to certain defendants because "there is no legitimate reason to retain the action against [a single defendant] in this district. Such an outcome would result in needless inefficiencies…") (adopted by 2019 U.S. Dist. LEXIS 13495, at *3 (E.D. Tex. 2:16-cv-01417-JRG-RSP at ECF No. 208, Jan. 28, 2019) (Gilstrap, J.))).

Since ZTE USA imports, markets, distributes, and sells within the United States the products identified in plaintiff's complaint, and those very same products are researched, designed, and made by ZTE Corp. outside the United States, the same evidence and the same arguments would be relevant in both cases, which would proceed simultaneously in different jurisdictions concerning potential liability for the exact same products.

Accordingly, even if venue were proper in the Western District as to any of the defendants in this case, it would be clearly more convenient to transfer them all together to the Northern District.

## CONCLUSION

For the reasons given above, ZTE Corp. prays the Court dismiss this case for improper venue; or in the alternative, transfer it to the Northern District.

Dated: October 9, 2020

Respectfully submitted,
 /s/ *Erick Robinson*

**Dunlap, Bennett & Ludwig PLLC**

Erick Robinson
State Bar No. 24039142
7215 Bosque Blvd., Waco, TX 76710
Telephone:  (254) 870-7302
Facsimile:  (713)583-9737
Email:   erobinson@dbllawyers.com


David R. Keesling, OK Bar No. 17881
Timothy S. Kittle, OK Bar No. 21979
6660 South Sheridan Road, Suite 250
Tulsa, Oklahoma 74133
(918) 998-9350 – Telephone
(918) 998-9360 – Facsimile
dkeesling@dbllawyers.com
tkittle@dbllawyers.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, October 9, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

/s/ Erick Robinson
Erick Robinson
Waco, TX 76710