# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br>　　　　*Plaintiff*,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC.,<br>　　　　*Defendants*. | § § § § § § § § § § §　C.A. NO. 6:20-cv-00491-ADA |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER**

**Table of Contents**

| | | |
|---|---|---|
| I. | WSOU's Amended Complaint Moots the Transfer Briefings for All Defendants | 1 |
| II. | Transfer of these Cases to the Northern District of Texas Is Appropriate Here | 2 |
| | A.   The Private Interest Factors Weigh in Favor of Transfer to the NDTX | 3 |
| | B.   The Public Factors Weight in Favor of Transfer to the NDTX | 4 |
| III. | Conclusion | 5 |

Plaintiff's Opposition on transfer to the Northern District of Texas is curious, due to not only to its baseless objections, but Plaintiff's brief is extraordinary in disregard for judicial economy. Since the filing of ZTE Defendants' Motion to Dismiss, Plaintiff, WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU"), amended its Complaint, Dkt. 38,[1] thereby mooting the earlier briefing entirely for all Defendants. Yet, oddly, WSOU also filed an Opposition on transfer on the same day, as to Defendants ZTE (USA) Inc ("ZTE USA") and ZTE (TX), Inc. ("ZTE TX"), Dkts. 36 and 37. Even more odd, WSOU acknowledges that the Amended Complaint moots transfer briefing with respect to Defendant ZTE Corporation ("ZTE Corp."), Dkt. 37 at 1, but insists the transfer briefing for ZTE USA and ZTE TX, Dkt. 41, remains.[2] WSOU's actions and inconsistent positions are an improper waste of party and judicial resources. WSOU lacks support for any contention that an Amended Complaint *only* moots the transfer briefing for one party (ZTE Corp.). And, WSOU provides no support for this position in its opposition briefings, Dkts. 36 and 37. WSOU's opposition severely wastes resources. Nevertheless, given that WSOU forces ZTE USA and ZTE TX to continue this transfer briefing, Defendants respond now.

**I.      WSOU's Amended Complaint Moots the Transfer Briefings for All Defendants**

In response to ZTE's Motion to Transfer to the Northern District of Texas, WSOU filed an Amended Complaint, adding new allegations of actions pertaining to all three ZTE Defendants. *See* Dkt. 38, supplemented by Dkt. 39. It is undisputed that the Amended

---

[1] WSOU filed 11 cases for 11 patents against the same three ZTE defendants. All eleven dockets are substantially similar, so for convenience and consistency, the citations provided for each respective Reply are with respect to the docket for no. 6:20-cv-00487-ADA.
[2] Bizarre yet, WSOU agrees the Amended Complaint moots the Motion to Dismiss briefing for all three Defendants, Dkt. 41, yet the as-filed WSOU briefs include arguments responsive to the mooted issues, Dkts. 36 and 37—further raising questions at to WSOU's odd inconsistencies.

1

Complaint moots all Motion to Dismiss briefings for all three Defendants. *See* Dkt. 41.  And, it is undisputed that the Amended Complaint moots the Motion to Transfer briefing with regards to ZTE Corp.  *See* Dkt. 37 at 1.  WSOU, however, inexplicably opposes applying the same reasoning to ZTE USA and ZTE TX, and WSOU further disputes whether the Amended Complaint moots the Motion to Transfer briefings with respect to these two Defendants.  *See* Dkt. 41.  WSOU's position is erroneous, and WSOU fails to provide any support for its position—forcing the Replies herein, demanding such from *only two* of the three Defendants.

On the issue of an Amended Complaint, it is generally recognized that "an amended pleading supersedes the original for all purposes." *Nolen v. Lufkin Indus., Inc.*, 466 F. App'x 895, 898 (Fed. Cir. 2012); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and render it of no legal effect").  Of course, it is within the district court's discretion to deem if a subsequently filed amended complaint renders motions to transfer moot or applicable. *Luminati Networks Ltd. v. BiScience Inc.*, 2019 WL 2084426, at*2 (E.D. Tex. 2019).  Courts recognize that the purpose of exercising this discretion is to "save time and resources . . . not to unfairly tie the hands of the movant in situations where it is not." *Id*.  Here, the "plaintiff should not be allowed to amend its complaint in response to a motion and then require the movant to rest on its outdated briefing."[3]  *Id*.

## II.     Transfer of these Cases to the Northern District of Texas Is Appropriate Here

---

[3] In the rare instances where courts exercise discretion on the application of an amended pleading, it is *not to* deny the motion to transfer, but rather *to grant it* and forgo needless additional briefing.  For instance, in granting the opposed motion to transfer filed pre-complaint amending, the *WowWee* court exercised its discretion and deemed that the motion to transfer was still applicable. *WowWee Group Ltd. v. Wallace*, 2012 WL 13013022, at *1 (C.D. Cal. 2012).  Similarly, in *Krause*, the court considered the original complaint ripe for analysis in order to grant the pending motion to transfer and reduce unnecessary briefing. *Donald Krause v. Williams Chippas et. al*, 2007 WL 4563471, at *2-3 (N.D. Tex. 2007).  Thus, the Motion to Transfer briefings for *all Defendants* here should be deemed mooted by WSOU's Amended Complaint, or if deemed applicable, the Court should grant the motions and transfer these cases.

Transfer to the NDTX under § 1404(a) or § 1406(a) should be granted. This Court should afford little weight to the non-practicing entity-WSOU's connections to the WDTX. Instead, the focus should be on the weight of evidence and related activity in the NDTX. Additionally, both parties agree that the cases for all ZTE Defendants should collectively remain together[4], Dkt. 37 at 8, the Court should dismiss/ transfer all Defendants together, to the NDTX.

This case could have—and *should have*—been brought in the NDTX, because ZTE USA's principal places of business is located in the NDTX, in Richardson, and ZTE USA is the proper party for defending against the accused patent allegations. With respect to ZTE TX, ZTE TX did not maintain any physical place of business in Texas at the time of filing of this lawsuit, and ZTE TX's registered agent was located in Dallas, thus, the NDTX. Dkt. 23, Ex. 1 Shan Decl. at ¶ 18. Thus, for these ZTE Defendants, the NDTX is more convenient than WDTX, per § 1404(b). The private and public factors all weigh in favor of favor to the NDTX.

### A.     The Private Interest Factors Weigh in Favor of Transfer to the NDTX

The private interest factors heavily point towards transfer to the NDTX. For instance, any discovery taken of the Defendants, and in particular for ZTE USA, where the heart of the accused activity lies, would be more appropriate in the NDTX, at the location of ZTE USA.

By WSOU's own account, the crux of these case/cases, and WSOU's infringement theories geographically, pertains to ZTE USA, in the NDTX. For example, in WSOU's Amended Complaint, WSOU alleges that Accused Products are sold and/or licensed from ZTE USA's headquarters in Richardson, Texas (in the NDTX). Dkt. 38, ¶¶11 and 13. WSOU further alleges that customers are "targeted . . . through [ZTE USA's] website" and that ZTE USA ships

---

[4] WSOU's arguments in opposition to transfer are centered on ZTE USA. As to ZTE TX and ZTE Corp., WSOU merely argues that ZTE TX and ZTE Corp. should "remain with ZTE USA" - and that ZTE USA should not be transferred. As such, this Reply focuses mostly on ZTE USA.

3

the Accused Products to customers from the Richardson headquarters (in the NDTX). *Id*., ¶¶12-13.  WSOU also alleges that the Richardson, Texas headquarters (in the NDTX) handle "troubleshooting or other technical support" of the devices sold in the United States. *Id*., ¶14.  WSOU alleges that ZTE USA issues press releases from the Richardson headquarters marketing the Accused Products. *Id*., ¶¶15-17.  All of these allegations by WSOU are from the NDTX.

As such, *according to WSOU*, the bulk of activity lies in NDTX.  The most discoverable documents and information allegedly lie in possession, custody, or control of ZTE USA in the NDTX.  And, these documents are likely located in one of two places, *both in the NDTX*: (i) the financial, marketing, and technical data is stored at the company's principal place of business in Richardson; or (ii) the technical documents and source code are stored at the Upshaw PLLC law firm in Dallas.  Dkt. 24, Wood Decl. at ¶10.  Additionally, ZTE USA's employees, and likely witnesses, are in the NDTX.

### B.     The Public Factors Weight in Favor of Transfer to the NDTX

The public factors also heavily weigh in favor of transfer to NDTX.  WSOU cannot dispute that transfer to NDTX promotes judicial efficiency, at least because all relevant facilities *pertaining to the alleged infringement* are in the NDTX, and the most relevant evidence and witnesses *pertaining to the alleged infringement* are also in NDTX.  The Federal Circuit recently underscored this factor in *In re Apple*, by minimizing the importance of the "parties' significant connections to each forum writ large," but rather redirecting the analysis to the "significant connections between a particular venue and *the events that gave rise to a suit*." *In re Apple*, 2020-135, slip op. at 17 (Fed. Cir. Nov. 9, 2020) (original emphasis).  Thus, great weight should be afforded to ZTE USA's contacts with NDTX that give rise to this suit—as alleged by WSOU.  *See In re Apple*, 2020-135, slip op. at 18 (Fed. Cir. Nov. 9, 2020); *see also supra* Section II.A.

On the other hand, WSOU's contacts with *any* forum, even including WDTX, are purely

ephemeral, and this Court should afford WSOU's contacts to this forum with little weight, because they remain untethered to this suit. *See In re Apple*, at 18. For instance, WSOU was formed just two months before filing the original lawsuit, and WSOU lacks any real connection to WDTX. The ties WSOU relies on in its opposition are untethered to the patents or to the facts of this case. WSOU alleges that its documents are in WDTX and that these cases should not be transferred "merely to shift inconveniences," Dkt. 36 at 12, however WSOU fails to indicate—as a non-practicing entity—how mere storage of documents in the WDTX are tethered to this suit.

WSOU also alleges that its identified witness, Matt Hogan, should be "given more weight than the speculation that there might be a ZTE witness in the NDTX." Dkt. 36 at 12. Yet, it is WSOU, not ZTE, that alleges in the Amended Complaint that significant factors pertaining to accused infringement are connected to ZTE USA's Richardson headquarters, in the NDTX. Thus, it is not "speculation" that there might be a ZTE witness in the NDTX—WSOU will seek discovery of from that District. Second, WSOU fails to argue how its witness pertains to the events that gave rise to this suit. As such, these factors should weigh in favor for Defendants.[5]

### III. Conclusion

ZTE submits that transfer to the NDTX is proper. As this brief is unnecessary, and only due to insistence by WSOU, ZTE will present these arguments again, in a forthcoming response to the Amended Complaint, which will include an alternative request for transfer to the NDTX.

---

[5] Defendants further submit these cases should be stayed, pending resolution of this Motion to Transfer and the forthcoming new Motions to Dismiss, or in the alternate Transfer. Such a stay of these cases is appropriate in view of *In re Apple*. To save party resources and save the Court's judicial resources, a stay is appropriate in this case, in view of the recent Fed. Cir. decision, *In re Apple*. Here, as in *In re Apple*, "disposing of [the motion to transfer] should unquestionably take top priority." *In re Apple* at 5. It would be improper to proceed with the scheduled tasks before the consideration of a pending motion to transfer. It is equally improper to proceed with the cases without first substantial consideration of ZTE's forthcoming Motion to Dismiss, as well. For all of these reasons, ZTE plans to file a forthcoming Motion to Stay of all of these cases.

DATED: November 20, 2020	Respectfully submitted,

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
   Phone: (571) 203-2700
   Fax:     (202) 408-4400

   Attorney for Defendants,
   ZTE Corporation
   ZTE (USA), Inc.
   ZTE (TX), Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 20, 2020.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
