**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-487 CIVIL ACTION NO. 6:20-cv-488 CIVIL ACTION NO. 6:20-cv-489 CIVIL ACTION NO. 6:20-cv-490 CIVIL ACTION NO. 6:20-cv-491 CIVIL ACTION NO. 6:20-cv-492 CIVIL ACTION NO. 6:20-cv-493 CIVIL ACTION NO. 6:20-cv-494 CIVIL ACTION NO. 6:20-cv-495 CIVIL ACTION NO. 6:20-cv-496 CIVIL ACTION NO. 6:20-cv-497 |
| Plaintiff, | | |
| v. | | |
| ZTE CORPORATION, ZTE (USA) INC., AND ZTE (TX), INC. | | |
| Defendants. | | |
| | | **JURY TRIAL DEMANDED** |

**SUR-REPLY OPPOSING DEFENDANTS' MOTION TO TRANSFER**

Plaintiff WSOU Investments, LLC doing business as Brazos Licensing and Development ("WSOU") submits this sur-reply only to address allegations and arguments raised for the first time in Defendants' reply brief.

Apparently unhappy with their original motions to transfer for convenience under 28 U.S.C. § 1404, Defendants insist that their § 1404 motions are mooted by WSOU's Amended Complaint. Defendants cite no authority to support this position. Courts have squarely held otherwise. Defendants' perfunctory § 1404 motions are weak, but they are not moot. Defendants attempt to cure their deficient § 1404 motions by raising new arguments for the first time in their reply. These new arguments were waived and should be ignored. Regardless, they fail to satisfy Defendants' burden.

## BACKGROUND

Defendants each filed a separate motion to dismiss or transfer. *See* -487 Dkt. Nos. 23-27. ZTE Corporation's motion to dismiss is based on alleged pleading deficiencies.[1] It argues, alternatively, that the case should be transferred for convenience under 28 U.S.C. § 1404(a). The other Defendants, ZTE TX and ZTE USA, moved to dismiss under Rule 12(b)(3) for improper venue under 28 U.S.C. § 1400(b). They also alternatively moved to transfer for convenience under 28 U.S.C. § 1404(a).

On November 6, 2020, WSOU filed an amended complaint ("Amended Complaint") that mooted the alleged pleading deficiencies asserted in ZTE Corporation's motion to dismiss. *See* -487 Dkt. 38. Because ZTE TX's and ZTE USA's motions to dismiss were unaffected by WSOU's amendments, WSOU filed responses to those motions. Because an amended complaint does not moot a motion to transfer under 28 USC § 1404, WSOU also responded to each of the Defendants' alternative motions to transfer under § 1404, *including* the § 1404 motion filed by ZTE Corporation. *See* -487 Dkt. 41 at 8.

---

[1] *See* -487 Dkt. 27 at 3-6 (repeatedly relying on alleged deficiencies in WSOU's original complaint).

1

In response to WSOU's Amended Complaint, Defendants asked that their motions be treated as moot and that WSOU extend Defendants' deadline to file new motions. WSOU agreed to treat all the motions to dismiss as moot and to extend Defendants' deadline to file new motions. WSOU also agreed to extend Defendants' deadline to file a reply in support of their § 1404 motions. WSOU did not, however, agree to treat Defendants' § 1404 motions as moot.

## ARGUMENT

### A. A motion to transfer under § 1404 is not mooted by an amended complaint.

Defendants cite no authority to support their argument that a motion to transfer under 28 U.S.C. § 1404 is mooted by an amended complaint. Instead, Defendants cite cases stating the well-settled rule that an amended complete supersedes the original and moots a motion to dismiss. *See* -487 Dkt. 42 at 2. WSOU does not dispute this rule. A motion to transfer under 28 U.S.C. § 1404 does not, however, challenge the sufficiency of a pleading and is not mooted by the filing of an amended complaint.[2]

### B. Defendants' inflammatory accusations should be ignored.

Defendants' inflammatory accusations should be ignored. There is nothing "bizarre" about WSOU's decision to "include arguments responsive to" ZTE TX's and ZTE USA's motions to dismiss. If an amended complaint does not affect a pending motion to dismiss, a court may "simply consider the motion as being addressed to the amended pleading."[3] Aware of this, WSOU responded to ZTE TX's and ZTE USA's motions to

---

[2] *See, e.g., WowWee Group Ltd. v. Wallace*, CV-12-2298-MWF(VBKX), 2012 WL 13013022, at *1 (C.D. Cal. June 27, 2012) ("The Court recognizes the firm precedent that motions to dismiss are generally mooted by the filing of an amended complaint. However, Defendants also moved to transfer the action to the United States District Court for the Western District of Washington. ***This Motion to Transfer was not mooted***, and indeed all parties fully briefed the issue . . . ***Forcing Defendants to file the same motion a second time would be a waste of the Court's and the parties' resources***.") (emphasis added); *Krause v. Chippas*, CIV.A. 3:07-CV-0615L, 2007 WL 4563471, at *6 (N.D. Tex. Dec. 28, 2007) (ruling on section 1404(a) motion despite filing of amended complaint).

[3] *See Krause*, 2007 WL 4563471, at *2 ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion

2

dismiss because they are unaffected by the Amended Complaint. WSOU attempted to *avoid* the delay and burden of requiring ZTE TX and ZTE USA to unnecessarily re-file their motions to dismiss. Defendants' new counsel, apparently unhappy with the original motions, asked that all three motions to dismiss be treated as moot. Out of courtesy, WSOU agreed.

Far from showing "extraordinary . . . disregard" for "judicial economy," WSOU's approach avoids delay. It is Defendants who are taking a more burdensome approach by demanding that motions unaffected by the Amended Complaint be re-briefed.

WSOU is not attempting to "unfairly tie" ZTE's hands or force it to "rest on its outdated briefing." WSOU's amendments have *no* impact on ZTE's motions to transfer under 28 U.S.C. § 1404. No efficiency is gained by re-briefing ZTE's § 1404 motions.

Finally, WSOU does *not* claim ZTE Corporation's motion to transfer is moot. Defendants insist otherwise, apparently by relying on one sentence at the outset of WSOU's brief while ignoring the substance of WSOU's response. WSOU's response clearly explains why the motion to dismiss is moot and why the remaining motion to transfer should be denied.[4]

---

was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading.").

[4] WSOU's response to ZTE Corporation's motion contains separate sections addressing ZTE Corporation's (1) motion to dismiss and (2) its motion to transfer. *See* -487 Dkt. 41 at 1, 8. Under the heading, "ZTE Corporation's Motion to Dismiss," WSOU explains that ZTE Corporation's "motion to dismiss is mooted by WSOU's amended complaint." *Id.* at 1 (emphasis added). Under the heading, "ZTE's Motions to Transfer" WSOU explains that the "motions to transfer filed by ZTE Corporation and ZTE TX piggy back on the motion to transfer filed by ZTE USA" and should be denied for the same reasons as the motion to transfer by ZTE USA. *Id.* at 8 (emphasis added).

### C. Defendants' new § 1404 arguments are waived.

Defendants attempt to cure their deficient § 1404 motions by raising new arguments in their reply. These new arguments were waived and should be ignored.[5] They are not responsive to arguments made in WSOU's response brief and were not unavailable when Defendants' filed the original motions.[6]

Even if considered, Defendants' new arguments fail to satisfy Defendants' burden. Defendants argue for the first time that the "local interest" factor favors transfer because "according to WSOU" the "bulk of [infringing] activity lies in NDTX." Dkt. 42 at 4. WSOU does not claim the "bulk of infringing activity lies in the NDTX" or even claim to identify where the "bulk" of Defendants' infringing activity in Texas occurs. Rather, WSOU points to limited publicly available information as evidence that ZTE Corporation places products into the stream of commerce in Texas. WSOU plainly alleges infringing activities occur in this District.

Despite having the burden of proof, Defendants offer no evidence that the "bulk" of their infringing activities in Texas occur in the NDTX. Defendants do not even *allege* that this is true. Instead, Defendants hide behind WSOU's good faith allegations, based on limited publicly available information, to argue it should be *deemed* true. A § 1404 motion is not a motion on the pleadings. The duty of candor demands more of Defendants than an attempt to take refuge behind the pleadings, particularly because Defendants have greater

---

[5] *Clarendon Am. Ins. Co. v. Molpus Co.*, A-04-CA-563-SS, 2005 WL 8155169, at *9 (W.D. Tex. Aug. 9, 2005) ("Molpus and MTM raised this argument for the first time in their reply brief. These reasons alone are sufficient to deny any relief on this basis"); *Parsons v. Sager*, 1:18-CV-1014-RP, 2019 WL 5243190, at *2 (W.D. Tex. Apr. 30, 2019) ("Arguments raised for the first time in a reply brief are generally waived."); *see also Stokes v. Strait*, 457 Fed. Appx. 388, 389 (5th Cir. 2012) (same); *Cavazos v. JP Morgan Chase Bank Nat. Ass'n*, 388 Fed. Appx. 398, 399 (5th Cir. 2010) (same).

[6] In search of a hook for their new arguments, Defendants imply their new arguments were first made available by WSOU's Amended Complaint because it identifies ZTE Corporation's shipments to ZTE USA in Texas as proof of personal jurisdiction. Dkt. 42 at 5. Defendants' cannot plausibly claim they were unaware of ZTE USA's Richardson headquarters before WSOU filed its Amended Complaint. The Amended Complaint does not give Defendants an excuse to raise new arguments in their reply.

access to information about their activities than WSOU.[7] Even assuming the NDTX has a local interest because of ZTE USA's presence there, this District has a competing local interest because of WSOU's presence here. These cases invoke the work and reputation of WSOU's employee in Waco. Therefore, Waco has a significant local interest in these cases. The fact that WSOU is a young entity cannot be reason to consider WSOU's presence in Waco, where it is headquartered, ephemeral.

Further, the other public interest factors weigh against transfer. Familiarity with the forum weighs against transfer because this Court has familiarity with patent laws and patent specific rules. The administrative difficulties flowing from court congestion also weigh against transfer. *See* Exhibit A (filed only in -487 to avoid duplicative filings).[8]

And despite their attempt to cure their § 1404 motions with new allegations in their reply, Defendants *still* offer no evidence that compulsory process, the convenience of willing witnesses, or practical considerations weigh in favor of transfer. Defendants have failed to prove the NDTX is clearly more convenient than this District and their § 1404 motions should be denied.

---

[7] *See Rockstar Consortium US LP v. Google Inc.*, 2:13-CV-893-JRG-RSP, 2014 WL 4748692, at *8 (E.D. Tex. Sept. 23, 2014) ("The duty of candor imposed upon parties in this Court is especially important in the Motion to Transfer context . . . It is troubling then, that not only did Google fail to timely come forward and disclose to the Court when the factual evidence it relied upon in the Motion to Transfer briefing was shown to be incomplete and—at least in part—incorrect and misleading, but that Google also opposed Rockstar's attempts to ensure that the factual record before the Court was both accurate and sufficiently complete to allow it to perform the analysis required by Section 1404(a)").

[8] The Docket Navigator report attached as **Exhibit A** (filed only in the -487 case to preserve resources) compares the NDTX and the WDTX for the years 2018 – 2020. According to the report, the median time to trial in is 3.33 years in the NDTX and 1.99 years in the WDTX. The median time to claim construction is 1.45 years in the NDTX and 1.00 year in the WDTX. The median time to termination of events is 1.7 years in the NDTX and .6 years in the WDTX. The time to "mature termination" is well over 4 years in the NDTX and just over 2 years in the WDTX.

Dated: November 27, 2020

Respectfully submitted,

/s/ *Ryan Loveless*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on November 27, 2020 a true and correct copy of the foregoing document was served upon all counsel of record via email under this Court's Local Rules.

/s/ *Travis Richins*
Travis Richins