**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § | |
| | § | **C.A. NO. 6:20-cv-00487-ADA** |
| ***Plaintiff*,** | § | **C.A. NO. 6:20-cv-00488-ADA** |
| | § | **C.A. NO. 6:20-cv-00489-ADA** |
| | § | **C.A. NO. 6:20-cv-00490-ADA** |
| **v.** | § | **C.A. NO. 6:20-cv-00491-ADA** |
| | § | **C.A. NO. 6:20-cv-00492-ADA** |
| **ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC.,** | § | **C.A. NO. 6:20-cv-00493-ADA** |
| | § | **C.A. NO. 6:20-cv-00494-ADA** |
| | § | **C.A. NO. 6:20-cv-00495-ADA** |
| ***Defendants*.** | § | **C.A. NO. 6:20-cv-00496-ADA** |
| | § | **C.A. NO. 6:20-cv-00497-ADA** |
| | § | |

**REPLY BRIEF FOR MOTION FOR PARTIAL STAY, EXCEPTING VENUE**

Rather than pursuing the 11 pending cases in a proper venue, i.e., Northern District of Texas ("NDTX"),[1] WSOU needlessly opposes this motion for a stay. WSOU is required to satisfy *its burden* of proving venue here—which it cannot do. Still now, WSOU heeds no attention to its burden – WSOU must show proper venue in the Western District of Texas ("WDTX"), and it cannot. Instead, in responding to the reasons for a motion for a partial stay, WSOU concerns itself with issues of trial, rather than trial in the correct venue. Venue is a prerequisite, and WSOU has the burden to prove venue. Staying these cases until WSOU meets its burden is appropriate here.

## I. ALL OF FACTORS FOR A STAY OF THIS CASE FAVOR A STAY HERE

As previously recognized, in the recent *In re Apple* ruling, the Federal Circuit has instructed district courts to prioritize resolution of venue, before addressing the other issues in the case. *See In re Apple*, No. 20-135, slip op. at 5 (Fed. Cir. Nov. 9, 2020). And, for that reason, a stay is a proper here. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163 (1936). Indeed, all four factors the courts consider favor a stay. *See U.S. v. McKenzie*, 697 F.2d 1225, 1226 (5th Cir. 1983).

### A. Factor One: ZTE is Likely to Succeed on the Merits (on Issue of Venue)

WSOU carries the burden of establishing venue is proper in the WDTX. Thus, with respect to this first factor, the analysis centers around whether WSOU is likely to succeed in proving that venue is proper here—which it cannot. This is a lofty burden, and it is one that WSOU is unlikely to succeed at. As such, *ZTE is likely* to succeed on the merits, and this factor thus supports a stay.

In its response, WSOU argues that ZTE has not shown a likelihood of success on the merits and further alludes that venue discovery will possibly unearth some hidden facts. Dkt. 50, p. 2. This argument is wrong and speculative, as no amount of venue discovery will alter the facts stated within the signed corporate declarations. WSOU's response also ignores its burden—WSOU must

[1] There are 11 pending cases. Citations throughout refer to new WDTX Case Nos. -00487 through -00497, and specific citations reference to the docket for WDTX Case No. -00487.

prove venue is proper—and WSOU ignores ZTE's insurmountable case on the merits, demonstrating venue is improper for at least ZTE USA and ZTE TX. Dkt. No. 47. For example, that venue is improper, ZTE presents several signed declarations, stating at least the following:

**Defendant ZTE USA** (Wood Decl.)

- ZTE USA is a NDTX resident. Dkt. 47, Wood Decl. ¶¶ 2 and 3.
- At the time of filing of the various lawsuits and complaints—whether (1) the original complaint in WSOU I, (2) the original complaint in WSOU II, or (3) the Amended Complaint—ZTE USA has only maintained a single place of business in Texas, its principal place of business in Richardson (in the NDTX). *Id.* ¶¶ 3 and 4.[2]
- ZTE USA has no regular and established place of business in the WDTX. *Id.* ¶ 8.
- ZTE USA has no physical presence, such as a storefront, physical facility, or owned, leased, or rented office space, in the WDTX. *Id.* ¶ 9.
- ZTE USA has no bank accounts in the WDTX. *Id.* ¶ 15.
- ZTE USA does not have a registered agent within the WDTX. *Id.* ¶ 10.
- ZTE USA has no employees, directors, or other personnel in the WDTX conducting its business. *Id.* at ¶ 10.
- ZTE USA has no agents assisting in production, storage, transport, and exchange of goods or services or otherwise carrying out the business of ZTE USA in the WDTX. *Id.* at ¶ 13.
- And, with no offices in the WDTX, ZTE USA does not advertise or represent, internally or externally, that it has a place of business in the WDTX. *Id.* ¶¶ 7.

**Defendant ZTE TX** (Shan Decl.)

- Though ZTE TX is a Texas company, Dkt. 47, Shan Decl. ¶¶ 3, 14, it has only two places of business, one in San Diego, CA and one in Morristown, NJ—neither of which are in the WDTX. *Id.* ¶ 2.[3] ZTE TX currently has no offices in the WDTX.

---

[2] It is true that ZTE USA once maintained a physical location at River Place Corporate Park, Building I, 6500 River Place Boulevard, Austin, Texas 78730. Wood Decl. ¶ 4. ZTE USA, however, stopped maintaining that Austin location, since at least as early as July 31, 2015. *Id.*

[3] It is true that ZTE TX maintained a physical location at Plaza 7000, 7000 Mopac Expressway, 2nd Floor, Austin, Texas. *Id.* ¶ 14. But, ZTE TX stopped that location since August 31, 2018.

- ZTE TX's registered agent and registered office in Texas are, and at all times, since before these cases were filed on June 3, 2020, CT Corporation System, which is located at 1999 Bryan St, Suite 900, Dallas, TX 75201 (in the NDTX). *Id.* ¶ 21.
- No employees of ZTE TX live or work within WDTX. Shan Decl. ¶ 19.
- ZTE TX does not have, and does not advertise or represent that it has, a physical place of business in the WDTX. *Id.* ¶ 13 and 14.
- ZTE TX does not have any offices, warehouses, stores, facilities, and bank accounts in the WDTX. *Id.* ¶ 12, 18.

Venue discovery will not change these facts, as set forth in signed ZTE declarations, and it is improper to imply otherwise. As WSOU cannot establish venue is proper ***for all ZTE defendants*** here, then as a matter of law, the Court must find that venue is thus not proper in the WDTX.

WSOU also argues against a stay, based on mere speculation. Dkt. 50, p. 2. This argument is erroneous and wrongheaded. For instance, WSOU misses the mark by assuming that ZTE has the burden of proof. That is not the case. As such, the Motion to Stay should not be denied based on WSOU's baseless assumptions as to what discovery will reveal. *Marine Travelift, Inc. v. K. Graefe & Sons Corp.*, 2016 WL 8711453, at *3 (S.D.N.Y. June 3, 2016) (finding that pure speculation does not outweigh the Court's interests of judicial economy). In short, WSOU has the burden to prove venue, and WSOU is likely to fail in establishing venue here, and mere speculation of potential proof is insufficient.

In opposing a partial stay here, the only case that WSOU cites to for support is *Hernandez*, which is easily distinguishable from the facts here.[4] *Hernandez v. Baylor Univ.*, 6-16-CV-069 RP,

[4] WSOU cites to *In re Apple*, as allegedly warning against courts making determinations based on the assumed outcome of a venue motion (i.e., factor one and the likelihood of the success on the merits). *In re Apple*, No. 20-135, slip op. at 5 (Fed. Cir. Nov. 9, 2020); *see also* Dkt. 50, p. 2 (WSOU, arguing that deciding the merits of a case before deciding a motion, temporarily assumes there will no ruling on the motion). WSOU cannot argue that this Court should not rule on this Motion to Stay, until first deciding the underlying venue motion. The purpose of the stay is to provide time for the Motion to Dismiss. WSOU's circular logic is erroneous and misaligned with

2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016). The *Hernandez* case pertains to sexual assault claims against Baylor and involves a FRCP 12(b)(6) Motion to Dismiss for failure to state a claim—not a 12(b)(3) Motion for Improper Venue (where WSOU carries the burden). As such, the Motion to Stay in that case was not limited to venue discovery, because venue was not an issue. ZTE's request to stay these cases until WSOU satisfies its burden for venue is entirely reasonable.

**B. Factor Two: ZTE Will be Irreparably Injured Absent a Stay Here**

ZTE will be irreparably harmed, by unnecessarily devoting resources to tasks that will be duplicated, changed, revised, or adjusted in the proper venue. WSOU argues that ZTE will not suffer harm because certain case tasks (e.g., claim construction) will be performed, wherever the case is pending. *See* Dkt. 50, p. 4. WSOU, however, misses the mark, as ZTE will suffer harm.

The irreparable harm to ZTE, without a stay, is based on the duplication of efforts, and/or amendment of efforts, to adjust to new court rules, orders, limits, etc. WSOU argues that there is no merit to ZTE's claim that *Markman* briefing efforts would need to be re-done if the case is transferred to the NDTX. *See* Dkt. 50, p. 4. This is an erroneous position. To support its position, WSOU cites, in error, another ZTE case—the *Fractus* case—which does not support WSOU's position. Indeed, in *Fractus*, Judge Kinkeade of the NDTX *reanalyzed* claim construction. As such, even in *Fractus*, the NDTX court duplicated the very claim construction work of the EDTX. This case thus supports ZTE's argument, that duplication of *Markman* may be avoided with a stay.[5]

**C. Factor Three: Issuance of the Stay Will *Not* Injure WSOU**

---

the Federal Circuit guidance. The Federal Circuit warned against courts proceeding through a case, before first deciding the venue issues—which is precisely the reason this case should be stayed.

[5] WSOU argues, in error, that ZTE delayed filing of this Motion. *See* Dkt. 50, p. 4. WSOU's argument misstates the timeline, especially given the Court's December 11, 2020 Order. In this case, the Court issued an Order pertaining to the venue briefs on December 11, 2020. Shortly after the Court provided guidance on the Motion to Dismiss/Transfer briefings (thus solidifying the need for this Stay), the parties then met and conferred on December 15, 2020, at which time WSOU confirmed it opposed the stay. ZTE then timely filed this Motion to Stay on December 30, 2020.

A stay will not injure WSOU—in fact, it will help WSOU by saving party resources. For this factor, WSOU argues that a stay would harm WSOU by "unnecessarily delaying a ruling on the merits." *See* Dkt. 50, pp. 4-5. But, a stay is *necessary*, because it is WSOU's burden to prove venue before moving to the merits. A proper pleading, including properly pleading venue, is the first hurdle that WSOU must pass, before it can move on to the merits; yet, WSOU seeks to rush ahead, while WSOU already errored several times (e.g., with a voluntary dismissal, amended complaint, improper venue, etc.). This partial stay to address venue is not an "unnecessary" delay—it is essential for any litigation, and even more so here because WSOU continues to fail to meet its burden of proof. Indeed, WSOU has one alternative District, where venue is proper for pursuing the merits of these cases—WSOU may simply transfer these cases to the NDTX, yet it refuses to do so (suggesting a timely and proper resolution of these matters is *not* WSOU's goal).

### D. Factor Four: Public Interest Favors a Stay

A stay here would promote judicial efficiency and protect the parties against unnecessary inconvenience and expense. WSOU argues that giving venue top priority—as instructed by the Federal Circuit, in *In re Apple* —does not mean discontinuing all activities that ready a case on the merits. Dkt. 50, pp. 2-3. But, again, WSOU errs. Primarily due to WSOU's efforts opposing transfer, the proper legal remedy here for improper venue is the *dismissal* of these cases in the WDTX (not transfer to the NDTX). Thus, when ZTE's Motion to Dismiss is granted, WSOU will have to refile in the NDTX. For that reason, it is important to determine the issue of venue expeditiously, as the highest priority, in order to minimize any wasted party and judicial resources.

## II. CONCLUSION

For the foregoing reasons, the facts and law support a conclusion that this Court should stay all case activity unrelated to venue, until a decision on ZTE's renewed Motion to Dismiss on Venue is rendered. WSOU has the burden on venue, and ZTE should not suffer undue prejudice.

DATED: January 13, 2021

Respectfully submitted,

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
Phone: (571) 203-2700
Fax: (202) 408-4400

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on January 13, 2021.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue