# EXHIBIT A

Case 6:20-cv-00491-ADA Document 121-1 Filed 10/27/21 Page 2 of 3

In re: NETFLIX, INC., Petitioner, Not Reported in Fed. Rptr. (2021)

2021 WL 4944826
Only the Westlaw citation is currently available.
United States Court of Appeals, Federal Circuit.

In re: NETFLIX, INC., Petitioner

2021-190
|
Date October 25, 2021

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:21-cv-00080-JRG-RSP, Chief Judge [J. Rodney Gilstrap](#).

**ON PETITION**

Before [DYK](#), [PROST](#), and [HUGHES](#), Circuit Judges.

### ORDER

PER CURIAM

*1 Netflix, Inc. petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas to stay proceedings until 28 days after the district court decides Netflix's motion to dismiss or transfer. CA, Inc. and Avago Technologies International Sales Pte. Limited oppose.

CA and Avago filed this patent infringement suit against Netflix in March 2021. On May 17, 2021, Netflix moved to dismiss for improper venue or, alternatively, to transfer the case to the United States District Court for the Northern District of California. Briefing on Netflix's venue motion was completed on July 27, 2021. On July 29, 2021, Netflix filed an expedited motion to stay proceedings pending the district court's resolution of its venue motion.

On September 10, 2021, the district court scheduled a *Markman* hearing for November 2, 2021. Also on September 10, Netflix moved to amend the docket control order and vacate all claim construction deadlines pending resolution of its venue motion. On September 14, 2021, the district court denied Netflix's motion to vacate the claim construction deadlines, stating that it "fully expects to address the motion in advance of any claim construction hearing." Appx333.

On September 24, 2021, Netflix filed this petition for a writ of mandamus seeking to stay all proceedings pending resolution of its motion to dismiss or transfer. On September 27, 2021, the assigned magistrate judge entered a report and recommendation that Netflix's motion to dismiss or transfer be denied. Netflix filed its objections to the magistrate's report on October 5, 2021.

Mandamus is "reserved for extraordinary situations." [*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)](#) (citation omitted). Under the well-established standard for obtaining such relief, the petitioner must: (1) show that it has a "clear and indisputable" right to issuance of the writ; (2) show that it does not have any other adequate means to obtain relief; and (3) convince the court that "the writ is appropriate under the circumstances." [*Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)](#) (quoting [*Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)](#)). Netflix has not met that exacting standard.

Our precedent and Fifth Circuit law entitle parties to have their venue motions prioritized over substantive proceedings in district court. [*In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020)](#) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); [*In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003)](#) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the ... District Court."). Delays in resolving transfer motions, coupled with ongoing discovery, claim construction, and other proceedings, frustrate the purpose of § 1404(a) by forcing defendants "to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." [*In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015)](#).

*2 A stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice. We have issued writs of mandamus staying district court proceedings for similar delays in addressing venue motions. *See, e.g.*, [*In re TracFone Wireless, Inc.*, 848 F. App'x 899 (Fed. Cir. 2021)](#); [*In re SK hynix Inc.*, 835 F. App'x 600 (Fed. Cir. 2021)](#); *In re Google*, 2015 WL 5294800.

Here, though, the magistrate judge has now issued a report and recommendation denying Netflix's venue motion and has stated that the district court is proceeding toward quick

In re: NETFLIX, INC., Petitioner, Not Reported in Fed. Rptr. (2021)

Case 6:20-cv-00491-ADA   Document 121-1   Filed 10/27/21   Page 3 of 3

resolution of Netflix's motion. In addition, the motion has been pending for a shorter time than in past cases, and the district court has not issued other substantive orders in the case. We are thus not convinced that an exceptional writ of mandamus is appropriate under the circumstances. We expect, however, the court will promptly decide the pending motion to dismiss or transfer.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Peter R. Marksteiner Clerk of Court

**All Citations**

Not Reported in Fed. Rptr., 2021 WL 4944826

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.